# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| AMY STIPP,                           )<br>                                     )<br>            Plaintiff,               )<br>                                     )<br>      vs.                            )<br>                                     )<br>JULIE F. BEASLEY, Ph.D, Inc., *et al.*,  )<br>                                     )<br>            Defendants.              )<br>_____) | Case No.: 2:16-cv-00395-GMN-VCF<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss, (ECF No. 5), filed by Defendants Dr. Julie F. Beasley and Julie F. Beasley, Ph.D., Inc. (collectively "Defendants"). Plaintiff Amy Stipp ("Plaintiff") filed a Response, (ECF No. 6), and Defendants filed a Reply, (ECF No. 8). For the reasons discussed below, the Court **GRANTS** Defendants' Motion to Dismiss.[1]

## I.    BACKGROUND

The instant action is the latest in a series of cases involving similar parties and facts. Plaintiff and her husband, Mitchell D. Stipp ("Mitchell Stipp") (collectively the "Stipps"), who is also acting as Plaintiff's attorney in this matter, originally filed suit in state court against various defendants, including Defendants here. (Ex. A to Mot. to Dismiss ("MTD"), ECF No. 5-1). As with Plaintiff's Complaint in this case, the state court complaint alleged Defendants breached an agreement with the Stipps to provide therapy to their son, Mitchell Stipp, Jr. ("Mitchell, Jr."). (*Id.*). The state court determined that the Stipps' complaint sounded in medical malpractice and granted Defendants' motion to dismiss based on the Stipps' failure to attach an expert affidavit pursuant to NRS § 41A.071 and failure to file within the statute of

---

[1] Also pending before the Court is Plaintiff's Motion to Strike, (ECF No. 9), which asks the Court to strike Defendants' Reply. Plaintiff argues that the Reply raises new arguments and evidence not referenced in the Motion to Dismiss. (Mot. to Strike 2:14–19). Because these arguments do not enter into the instant analysis, the Court DENIES Plaintiff's Motion to Strike as moot.

limitations. (*See* MTD 2:20–24, ECF No. 5); (Resp. 3:3–9, ECF No. 6); (Ex. B to MTD, ECF No. 5-2).  The Stipps filed an appeal of that decision, which is currently pending. *See Stipp v. Beasley*, No. 69815 (Nev. Feb. 24, 2016).

Shortly thereafter, the Stipps filed a similar complaint against Defendants in this Court, invoking the Court's diversity jurisdiction pursuant to 18 U.S.C. § 1332. *See Stipp v. Beasley*, No. 2:16-cv-00357-APG-PAL (D. Nev. Feb. 25, 2016).  The Honorable Judge Andrew P. Gordon dismissed the case sua sponte "[b]ecause Mitchell Stipp is a citizen of Nevada and both defendants are citizens of Nevada, complete diversity is lacking and the court cannot exercise diversity jurisdiction." Order, *Stipp v. Beasley*, No. 2:16-cv-00357-APG-PAL (D. Nev. Feb. 25, 2016).  Plaintiff then filed the instant "identical" Complaint, "[r]emoving [Mitchell Stipp] as a plaintiff." (Resp. 3:14).  In the instant Motion, Defendants argue that the Complaint fails to remedy the defect in diversity jurisdiction as both Plaintiff and Defendants are domiciled in Nevada.

## II.   **LEGAL STANDARD**

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits motions to dismiss for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1).  When subject matter jurisdiction is challenged, the burden of proof is placed on the party asserting that jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986) (holding that "[t]he party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists").  Accordingly, courts presume lack of subject matter jurisdiction until the plaintiff proves otherwise in response to the motion to dismiss. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

A motion to dismiss under Rule 12(b)(1) may be construed in one of two ways. *Thornhill Publ'g Co., Inc. v. Gen. Tel. & Elec. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).  It may be described as 'facial,' meaning that it attacks the sufficiency of the allegations to support

subject matter jurisdiction. *Id.* Alternatively, it may be described as 'factual,' meaning that it "attack[s] the existence of subject matter jurisdiction in fact." *Id.* When, as here, a defendant asserts a factual attack, "[t]he plaintiff bears the burden of proving by a preponderance of the evidence that each of the requirements for subject-matter jurisdiction has been met." *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014).

"Ordinarily, a case dismissed for lack of subject matter jurisdiction should be dismissed without prejudice so that a plaintiff may reassert his claims in a competent court." *Frigard v. United States*, 862 F.2d 201, 204 (9th Cir. 1988) (per curiam). However, where there is no way to cure the jurisdictional defect, dismissal with prejudice is proper. *See id.*

## III.  DISCUSSION

In cases not involving federal claims, federal district courts are vested with original jurisdiction over civil actions where the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. § 1332(a)(1). A person's state citizenship is determined by their state of domicile, not their state of residence. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person is domiciled in a location "where he or she has established a fixed habitation or abode in a particular place, and [intends] to remain there permanently or indefinitely." *Lew v. Moss*, 797 F.2d 747, 749–50 (9th Cir. 1986). A person's old domicile is not lost until a new one is acquired. *Id.* at 750.

Plaintiff asserts that, although she was previously domiciled in Nevada, she recently became domiciled in California. (Resp. 6:26–7:2, ECF No. 6). Plaintiff must therefore overcome the "presumption in favor of an established domicile as against a newly acquired one." *Lew*, 797 F.2d at 750–51; *see also McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992) (unpublished) ("[M]oving for a limited purpose such as to pursue employment is often not alone sufficient to destroy an affiliation with the prior domicile."). "A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to

remain there indefinitely." *Lew*, 797 F.2d at 751.  "The intention to remain may be established by factors such as: current residence; voting registration and practices; location of personal and real property; location of brokerage and bank accounts; location of spouse and family; membership in unions and other organizations; place of employment or business; driver's license and automobile registration; and payment of taxes." *Kyung Park v. Holder*, 572 F.3d 619, 624–25 (9th Cir. 2009) (citing *Lew*, 797 F.2d at 750).  No single factor is determinative. *Lew*, 797 F.2d at 750.  These objective factors are evaluated in terms of "objective facts," and "statements of intent are entitled to little weight when in conflict with facts." *Id.*

Plaintiff's declaration avers that "[w]hen [she] moved to California, [she] fully intended to remain there (and still do[es]).  Mitchell, Jr. receives treatment and care in California six (6) to eight (8) hours each day, Monday though [sic] Friday (and occasionally on Saturdays and Sundays)." (Pl.'s Decl. ¶ 8, ECF No. 7).  The declaration further states that Plaintiff's "personal property and effects and the same for Mitchell, Jr. (including clothes) are located in [her] apartment in California." (*Id.* ¶ 6).  The only evidence Plaintiff submits to support her intent to remain in California is a lease agreement and two utility bills. (Exs. 1–2 to Pl.'s Decl., ECF No. 7).[2]  While the lease agreement does implicate one *Lew* factor, residency alone is not sufficient to show an intent to remain; only domicile is determinative. *Kanter*, 265 F.3d at 857; *Williams v. Sugar Hill Music Publ'g, Ltd.*, No. C 05-03155 CRB, 2006 WL 1883350, at *8 (N.D. Cal. July 7, 2006) (finding apartment lease and regular presence in jurisdiction insufficient to prove domicile there).

Other facts undercut Plaintiff's declaration.  First, Plaintiff's vehicle is registered in Nevada, not California. (*See* Ex. 1 to Pl.'s Decl.); *see Lew*, 797 F.2d at 749 (including

---

[2] Plaintiff's declaration also alleges that she "opened a bank account at a branch of a bank located in California." (Pl.'s Decl. ¶ 5).  However, because Plaintiff has failed to provide any evidentiary support for this statement, the Court does not consider this allegation in its analysis. *See Lew*, 797 F.2d at 751 (explaining that the party asserting jurisdiction bears the burden of proof if the opposing party files a motion to dismiss based on lack of subject matter jurisdiction).

automobile registration as one of the factors to consider when establishing domicile). Second, Plaintiff's spouse continues to maintain his residency and law practice in Nevada. *See* Compl., *Stipp v. Beasley*, No. 2:16-cv-00357-APG-PAL (D. Nev. Feb. 25, 2016); *Lew*, 797 F.2d at 752 (finding proponent of federal jurisdiction failed to present substantial evidence to establish new domicile where, *inter alia*, his wife continued to live and work in his original domicile). Weighed against these objective facts, Plaintiff's mere residency in California fails to overcome the presumption in favor of her established domicile in Nevada. *See, e.g.*, *Kanter*, 265 F.3d at 857 ("A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."). The Court therefore finds that Plaintiff has failed to prove by a preponderance of the evidence that she intends to remain in California. For that reason, the Court cannot conclude that its subject matter jurisdiction has been properly invoked in this matter.

Accordingly, the Court grants Defendants' Motion to Dismiss. Because additional facts could demonstrate that Plaintiff is indeed domiciled in California, the Court dismisses Plaintiff's Complaint without prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss, (ECF No. 5), is **GRANTED**.  Plaintiff's Complaint, (ECF No. 1), is **DISMISSED without prejudice**. Plaintiff shall have twenty-one days from the date of this Order to file an amended complaint. Failure to file an amended complaint by this date shall result in the dismissal of Plaintiff's claim with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Strike, (ECF No. 9), is **DENIED as moot**.

**DATED** this _____ day of February, 2017.

17

_____
Gloria M. Navarro, Chief Judge
United States District Judge